ALFRED FAGGIONI, BY NEXT FRIEND, ET AL., v. ALEXANDER WEISS AND ARTHUR H. SCHENCK.

Decided June 7, 1923.

**Accident to Passenger in Automobile—Liability of Owner and Driver—Measure of Damages.**

On defendant Weiss's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, Thomas Brown* and *Edwards & Smith.*

PER CURIAM.

This is an automobile accident case. The plaintiffs are Alfred Faggioni, an infant, about eleven years old, and Louis Faggioni, his father. The infant plaintiff was riding on an automobile belonging to and driven by the defendant Weiss over the Raritan bridge, connecting Perth Amboy and South Amboy. This automobile was traveling south. When it reached a point near the middle of the bridge it collided with the automobile of the defendant Schenck, traveling in the opposite direction. The result of the collision was the serious injury of this boy, and the suit was brought against

both of the defendants on the ground that they were each jointly and severally liable. The trial resulted in a verdict against Weiss alone, the jury exonerating Schenck from responsibility. The damages assessed in favor of the boy were $15,000 and the award to the father $3,000.

In this situation, Weiss applied to the trial judge for a rule to show cause why these verdicts against him should not be set aside, and prayed a reservation of exceptions taken to the refusal of the trial court to nonsuit and to direct a verdict in his favor, and also of such exceptions as were taken by him to the charge of the court to the jury. The present rule was thereupon allowed, with the reservation asked for.

The first ground of reversal which is argued is that the verdict against the defendant Weiss was contrary to the settled law of this state. But, assuming this to be the fact, it affords no ground for setting aside the verdict. The jury is not concerned with the abstract proposition as to what is or is not the settled law of the state. It must accept the law of the case as laid down by the trial court, and, when it does this, its verdict cannot be attacked as contrary to law.

The next ground of reversal is that the verdict against Weiss is contrary to the testimony of the plaintiff as to the manner in which the accident happened, and against the weight of the whole evidence in the case. In disposing of this point, it is enough to say that the testimony of the plaintiff is not conclusive, so far as the action of the jury is concerned. The function of the jury is to decide the case upon all of the evidence, and this is what was done in the present case.

As to the contention that the verdict was against the weight of the whole evidence, our examination of the proofs sent up with the rule satisfies us that the contrary is the fact.

It is next contended that on this rule the court ought to set aside the verdict exonerating Schenck for the reason that it was not justified by the proofs. But that question is not before us on this rule, and is a matter which does not con-

cern the defendant Weiss; for, even if the verdict in favor of Schenck was set aside, it would not relieve Weiss of his obligation to pay the amount of the damages assessed against him. In other words, he is not injuriously affected by this action of the jury.

The last ground of reversal is that these verdicts in favor of the two plaintiffs are excessive. We are not inclined to disturb them for this alleged reason. The injury to the boy was so severe as to require the amputation of his leg about half way up the thigh. In addition to this, the other leg sustained a double fracture, although the bones have apparently properly reunited, so far as that leg is concerned. We cannot say that $15,000 in these days is an excessive award for an injury which condemns this boy to go through life a cripple; nor do we think the award to the father excessive, in view of the expense which must necessarily be incurred by him and the deprivation of the earnings which might, under normal conditions, come to the son, and which could be appropriated by the father during the former's minority.

The rule to show cause will be discharged.